UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BERNARD NORTON,<br><br>Plaintiff,<br><br>v.<br><br>SANTA ROSA POLICE DEPARTMENT, et al.,<br><br>Defendants. | Case No. 14-cv-04352-JST<br><br>**ORDER CONTINUING INITIAL CASE MANAGEMENT CONFERENCE, ORDERING COUNSEL TO MEET AND CONFER, AND ORDERING THE FILING OF A JOINT CASE MANAGEMENT STATEMENT** |

The Court has reviewed the parties' recently-filed Case Management Statements. ECF Nos. 18, 19. The statements are deficient in several respects. First, the parties submitted separate statements rather than the joint statement required by Civil Local Rule 16-9. The only time a represented party may submit a separate statement when the opposing party is also represented is when the filing party "is unable, despite reasonable efforts, to obtain the cooperation of another party in the preparation of a joint statement." Civ. L.R. 16-9(a). In that event, "the complying party may file a separate case management statement, accompanied by a declaration describing the conduct of the uncooperative party which prevented the preparation of a joint statement." No such declarations having been filed in this case, there appears to be no reason the parties could not have filed a joint statement.

Second, the Court notes that neither party's statement contains a proposed schedule for the case. Paragraph 17 of the Standing Order for All Judges of the Northern District of California – Contents of Joint Case Management Statement requires the parties to provide "[p]roposed dates for designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference and trial." The Court will set a schedule at the Initial Case Management Conference, but cannot do so without information from the parties concerning the expected length of discovery or the

need to conduct motion practice.

Third, the Court notes that Paragraph 8 of the same standing order requires the parties to describe "[d]iscovery taken to date, if any, the scope of anticipated discovery, any proposed limitations or modifications of the discovery rules, and a proposed discovery plan pursuant to Fed. R. Civ. P. 26(f)." The defendant's case management statement has only white space in its discovery section, and the plaintiff's statement says merely, "Plaintiff plans to send discovery request to defendant by the second week of January." This information does not set forth a "plan" for the discovery needed to adequately evaluate the case or prepare for trial.

Overall, these deficiencies – combined with plaintiff's recent unopposed motion to amend his complaint, which is a matter that could have been resolved by stipulation – lead the Court to conclude that the parties have not met and conferred as required by Federal Rule of Civil Procedure 26 and Local Rule 16-3. "'Meet and confer' or 'confer' means to communicate directly and discuss in good faith the issue(s) required under the particular Rule or order." Civ. L.R. 1-5(n). It is not realistic to expect that an Initial Case Management Conference will be productive if counsel have not adequately prepared for it.

Accordingly, good cause appearing, and on its motion, the Court now orders as follows:

1. The Initial Case Management Conference currently scheduled for January 7, 2015 is continued to February 4, 2015. A *Joint* Case Management Statement must be filed by January 21, 2015. That JCMS will comply with the Civil Local Rules as well as the Standing Order for All Judges of the Northern District of California – Contents of Joint Case Management Statement – in all respects.

2. Counsel will meet and confer as required by Federal Rule of Civil Procedure 26 and Local Rule 16-3 on or before January 7, 2015, and again thereafter as necessary to draft a thorough, complete, and helpful JCMS. At least the first such meeting will take place in person. See Fed. R. Civ. Proc. 26(f)(2) ("The court may order the parties or attorneys to attend the conference in person.").

/ / /

/ / /

1  3. The parties' Rule 26(a) disclosures will occur on or before January 14, 2015. The
2  parties will certify in their JCMS that the disclosures have taken place.
3  **IT IS SO ORDERED.**
4  Dated:  December 24, 2014

_____
JON S. TIGAR
United States District Judge