Stanley Goff, Esq., State Bar No. 289564
15 Boardman Place Suite 2
San Francisco, CA 94103
Telephone: (415) 571-9570
Email: scraiggoff@aol.com

Attorney for Plaintiff Bernard Norton Jr.

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Plaintiff, <br><br> vs. <br><br> and DEFENDANT OFFICER DOES 1-50 <br><br> Defendants. | Case No.: 3:14-cv-4352 <br><br> PLAINTIFF'S AMENDED COMPLAINT EXCESSIVE FORCE, FALSE ARREST, RACIAL PROFILING <br> [42 U.S.C. § 1983] |

**DEMAND FOR JURY TRIAL**

AMENDED COMPLAINT FOR DAMAGES- 1

**JURISDICTION**

1. This court has jurisdiction over the subject matter of this complaint under 42 U.S.C. §1983.

**I.**

**PARTIES**

2. Plaintiff Brenard Norton brings an action for excessive force and false arrest pursuant to Federal Statute 42 U.S.C. §1983.

3. Defendant City of Santa Rosa is a municipality in the State of California and owns, operates, manages, directs and controls the Santa Rosa Police Department, which employs the defendant officers DOE.

4. Defendant officers DOE were at all times relevant to this complaint employed as Santa Rosa Police Officers. Each DOE defendant officer is being sued in his/her individual capacity.

5. At all times relevant to this complaint, all defendants acted under color of state law.

AMENDED COMPLAINT FOR DAMAGES- 2

## II.

## STATEMENT OF FACTS

6. At or around 1:00 p.m. January 18, 2014, the plaintiff and his girlfriend were headed north on Stony Point Road just past College Avenue in the City of Santa Rosa in the plaintiff's car when the plaintiff noticed a police patrol unit driven by officer DOE traveling in the opposite direction.

7. The plaintiff and the officer made eye contact as their cars approached from opposite directions. The plaintiff recognized the officer from a prior traffic stop and told his girlfriend that this officer had stopped him before and that the officer was likely going to make a u-turn and attempt to pull him over.

8. The DOE officer did in fact make a u-turn and proceeded to follow the plaintiff.

9. Not wanting to be harassed, the plaintiff pulled over to the side of the road legally. The DOE officer passed the plaintiff and also pulled over on the side of the road.

10. The plaintiff started his car and made a right onto Jennings Street in the City of Santa Rosa and he told his girlfriend that the defendant DOE officer was in fact going to pursue him and pull him over.

11. As the plaintiff was driving on Jennings Street, he looked at his rear view mirror and observed that the defendant DOE officer got behind him.

12. The plaintiff then pulled his car over again in front of 1306 Jennings Avenue.

13. The plaintiff immediately exited his vehicle, dropped his keys on the ground, put his hands in the air and asked the defendant "why are you harassing me?" The defendant DOE officer then put his patrol lights on in his car.

AMENDED COMPLAINT FOR DAMAGES- 3

14. The defendant DOE officer then exited his vehicle with his weapon drawn. The plaintiff then walked to the front of his car with his hands still up, spread his legs and placed his hands in plain view on the hood of his car.

15. The defendant DOE officer began yelling at the plaintiff and the plaintiff responded "I am not moving because you have a gun pointed at me and I am in fear for my life"

16. Other defendant officers then arrived and the plaintiff was subsequently handcuffed.

17. During the time the defendant DOE officer who first pulled the plaintiff over, walked the plaintiff (who was handcuffed) to his patrol car, the defendant DOE officer without any justification and or provocation took the plaintiff to the ground with extreme force.

18. At that time, other defendant officers approached the plaintiff who was then on the ground and began kneeing the plaintiff in his back and slamming his head into the ground.

19. The plaintiff was then placed in the officer DOE's patrol unit and was subsequently transferred to a hospital for the injuries that he sustained by the defendants.

20. The plaintiff was then arrested and charged with delaying an officer pursuant to California Penal Code Section 148(a)(1).

21. The plaintiff went to trial regarding this criminal charge and was found not guilty by a jury.

AMENDED COMPLAINT FOR DAMAGES- 4

## Count I

### Plaintiff v. Defendant Officer  (Federal Constitutional Claims)

22. Defendant officers engaged in the use of excessive force upon plaintiff's person in violation of his Fourth Amendment Constitutional Rights.

23. Defendant officers engaged in the act of committing a false arrest of plaintiff in violation of his Fourth Amendment Constitutional Rights.

24. Defendant DOE officers engaged in the act of racially profiling the plaintiff in violation of his Fourth Amendment and Fourteenth Amendment Constitutional Rights.

## Count II

### Plaintiff v. Defendant City of Santa Rosa (Federal Constitutional Claims)

25. Plaintiff alleges Officers DOE did not know what constitutes the proper use of force so as to not be excessive because of inadequate training and or tolerance by the City of Santa Rosa.

26. Plaintiff alleges that the defendant DOE officers did not know what constitutes the proper determination of whether probable cause exists that a crime has been committed to justify placing someone under arrest and taking them into custody because of inadequate training and or tolerance by the City of Santa Rosa.

27. Plaintiff alleges that the defendant DOE officers did not possess adequate training so as to not engage in the act of racial profiling because of inadequate training and or tolerance by the City of Santa Rosa.

AMENDED COMPLAINT FOR DAMAGES- 5

28. Plaintiff also alleges that the inadequate policies and training by the City of Santa Rosa has exposed those who are in compliance with the law to deprivations of their Fourth and Fourteenth Amendment rights and that the need for the City of Santa Rosa to train its law enforcement officers in the constitutional limits of the use of force, placing someone under arrest and engaging in racial profiling, leading to the violation of a citizen's rights can be said to be "so obvious" that the failure to do so could be properly characterized as deliberate indifference to constitutional rights.

29. Further, plaintiff alleges that the City of Santa Rosa's lack of adequate supervisorial training and or policies and procedures is so gross that it demonstrates the existence of an informal custom of policy of promoting, tolerating, and ratifying the use of excessive force, the conducting of false arrests and engaging in racial profiling.

30. The plaintiff also alleges that the City of Santa Rosa omissions and systemic failures caused its Officers DOE to believe that they had unfettered discretion to engage in the above-mentioned misconduct and that any complaints of their improper conduct would not be properly investigated, with the foreseeable result that they would likely cause the deprivation of rights that occurred in this case.

AMENDED COMPLAINT FOR DAMAGES- 6

**WHEREFORE**, PLAINTIFF prays for judgment against DEFENDANTS as follows:

1. Compensatory damages s to all defendants;
2. For punitive damages according to proof as to each defendant officer;
3. Reasonable attorneys' fees and costs;
4. For such other and further relief as the court deems just and proper

Plaintiff hereby demands a jury trial.

Dated: December 1, 2014.

                                                    /s/
                              Stanley Goff Esq.,
                              Attorney for Plaintiff Bernard Norton

AMENDED COMPLAINT FOR DAMAGES- 7