UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BERNARD NORTON,<br><br>    Plaintiff,<br><br>    v.<br><br>SANTA ROSA POLICE DEPARTMENT, et al.,<br><br>    Defendants. | Case No. 14-cv-04352-JST<br><br>**ORDER GRANTING MOTION TO AMEND THE COMPLAINT AND GRANTING IN PART MOTION FOR SUMMARY JUDGMENT**<br><br>Re: ECF Nos. 43, 48 |

On September 3, 2015, Defendant City of Santa Rosa ("the City") filed a motion for summary judgment, or in the alternative, to dismiss for lack of prosecution. ECF No. 43. The City argued, in part, that the Court should dismiss this case as it relates to Defendants Officer Does 1-50 under Fed. R. Civ. P. 41(b) for failure to prosecute.[1] Id. at 18–19. The City noted that Plaintiff Bernard Norton had failed to name as a defendant the Santa Rosa Police Department officer whom Norton alleges violated his Fourth Amendment rights during the traffic stop on January 18, 2014, despite Norton's having knowledge of that officer's identity since at least January 19, 2014. Id. at 14 (citing ECF No. 1 at 10).

Norton did not dispute the fact that he had knowledge of the officer's identity as of January 19, 2014, ECF No. 48 at 5, but instead asserted that "Plaintiff's counsel mistakenly failed to amend the complaint to substitute Officer Diaz's name for the DOE defendants." Id. The Court construed Norton's Response brief, ECF No. 48, as a motion to amend the complaint solely for the purpose of substituting Officer Diaz for Defendants Officer Does 1-50 and ordered the parties to file response and reply briefs. ECF No. 51 at 1–2. The Court also vacated the hearing on the City's motion for summary judgment, ECF No. 43, noting that it would hold that motion in

---

[1] The City also argued that by Plaintiff's own admission in its response brief, the City "is to be dismissed from the case." ECF No. 49 at 6.

abeyance pending the resolution of Norton's motion to amend the complaint. Id. at 2.

Now that the parties have fully briefed Norton's motion to amend the complaint as construed by the Court's October 5, 2015 order, ECF No. 51, the Court is prepared to rule on both Norton's motion to amend the complaint and the City's motion for summary judgment.

First, the Court will grant the City's motion for summary judgment with respect to Norton's claims against the City. In his opposition to the City's motion for summary judgment, Norton "dismisse[d] his Monel claim against the City of Santa Rosa" and "dismisse[d] his claim for racial profiling against all defendants." ECF No. 48 at 9. These were the only claims Norton brought against the City in his Amended Complaint. ECF No. 22 at 5–6. Accordingly, the Court grants the City summary judgment in full. The City shall file a proposed Judgment within 10 court days of the filing of this order.

Second, the Court will grant Norton's motion to amend the Amended Complaint, EFC No. 22. Contrary to the City's argument, ECF No. 52 at 3–8, Fed. R. Civ. P. 16 does not apply here because the Court's scheduling order, ECF No. 31, did not set a deadline by which the parties must have filed amended pleadings. Santa Clara Valley Water Dist. v. Olin Corp., No. 07-cv-03756-RMW, 2009 WL 667429, at *4 (N.D. Cal. Mar. 13, 2009) ("Because the court's case scheduling orders imposed no deadline for amending the pleadings, [Defendant] is not required to show good cause [under Rule 16] for its desire to amend its counterclaim."). Instead, Norton's "motion must only satisfy Rule 15." Id. at *4; see also Kingsburg Apple Packers, Inc. v. Ballantine Produce Co., No. 09-CV-00901, 2012 WL 718638, at *2 (E.D. Cal. Mar. 5, 2012) ("Because a deadline was not set forth in the scheduling order, the standards of Rule 15 govern the motions, and the good cause requirement by Rule 16 is inapplicable.").

Under Rule 15, "a district court shall grant leave to amend freely 'when justice so requires.'" Owens v. Kaiser Foundation Health Plan, Inc., 244 F.3d 708, 712 (9th Cir. 2001) (quoting Fed. R. Civ. P. 15(a)). "[T]his policy is to be applied with extreme liberality." Id. (internal quotation marks omitted). Courts in the Ninth Circuit consider "the following five factors to assess whether to grant leave to amend: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment; and (5) whether plaintiff has previously amended

2

his complaint." In re Western States Wholesale Natural Gas Litigation, 715 F.3d 716, 738 (9th Cir. 2013) (internal quotation marks omitted).

Here, the City of Santa Rosa does not argue that Norton acted in bad faith in failing to amend the complaint, nor does the City argue that amendment would be futile. ECF No. 52. Rather, the City suggests that Norton's delay was "undue" because Norton knew of Officer Diaz's identity at least as early as January 19, 2014, approximately 20 months before Norton requested leave to amend the complaint. Id. at 5. Norton responds that such a delay was not "undue" because "Plaintiff's counsel mistakenly failed to amend the complaint to substitute Officer Diaz's name for the DOE defendants . . . ." ECF No. 55 at 3. Moreover, Norton notes that "[u]ndue delay by itself . . . is insufficient to justify denying a motion to amend." Id. at 2 (quoting Bowles v. Reade, 198 F.3d 752, 758 (9th Cir. 1999)). Instead, there must be a "specific finding of prejudice to the opposing party, bad faith by the moving party, or futility of the amendment." Bowles, 198 F.3d at 758.

Regarding prejudice, the City argues that "permitting a party such as Officer Diaz to be joined after the closure of Fact discovery[,] after the closure of Expert discovery and a scant two months before trial would encroach upon his due process rights," especially because "[h]is legal position is altogether different from" that of the City. ECF No. 52 at 7. However, the City does not suggest why any such prejudice could not be cured simply by continuing the trial date and reopening discovery so that the parties may conduct additional discovery if they so desire. See Journal Pub. Co. v. Am. Home Assur. Co., 771 F. Supp. 632, 636–38 (S.D.N.Y. 1991) (granting leave to amend complaint and re-opening discovery "to avoid any possible prejudice"); Dennis v. Dillard Dep't Stores, Inc., 207 F.3d 523, 526 (8th Cir. 2000) ("[A]lthough discovery had closed, the district court had discretion to reopen it for the limited purpose of exploring the additional defense."). While "[a] need to reopen discovery and therefore delay the proceedings supports a district court's finding of prejudice from a delayed motion to amend the complaint," Lockheed Martin Corp. v. Network Sols., Inc., 194 F.3d 980, 986 (9th Cir. 1999), the need for additional discovery and the postponement of trial generally do not constitute prejudice. See Genentech, Inc. v. Abbott Labs., 127 F.R.D. 529, 531 (N.D. Cal. 1989) (finding that the need for additional

1  discovery and the postponement of the trial date "do not constitute undue prejudice to the
2  defendant"). The Court concludes that the City has "failed to present any evidence of undue
3  prejudice that will occur if plaintiff is allowed to amend [his] complaint," id. at 532, especially in
4  light of the fact that a continuance of the trial and the reopening of discovery will cure any such
5  prejudice. Therefore, the Court grants Norton's motion to amend the complaint.

6  The Court notes that Norton has failed to comply with Civ. L. R. 10-1, which requires
7  "[a]ny party filing or moving to file an amended pleading" to "reproduce the entire proposed
8  pleading . . . ." Norton has not filed a proposed amended complaint. The Court orders Norton to
9  file an amended complaint by November 30, 2015. The amendments made to the complaint shall
10 be limited to substituting Officer Diaz's name for Defendant Officer Doe 1, removing any claims
11 that have been dismissed by the Court, and dismissing any other claims Plaintiff no longer wishes
12 to pursue. The Court also orders Norton to serve Officer Diaz within 30 days of the filing of the
13 amended complaint.

14 The Court hereby vacates the trial dates previously set in this case. A Case Management
15 Conference is set February 10, 2016 at 2:00 p.m. in Courtroom 9, 19th Floor, San Francisco. A
16 joint Case Management Statement is due by February 3, 2016.

17 IT IS SO ORDERED.

18 Dated: November 19, 2005

_____
JON S. TIGAR
United States District Judge

4